### EDWIN C. SHAW *v.* BENJAMIN T. FLEMING.

The object of a writ of restitution under the provision of the statute in relation to the jurisdiction of justices of the peace in cases of forcible entry and detainer, and of holding over lands and tenements, *Revised Code, chap.* 101, *p.* 626, where a judgment has been recovered under it against the party committing the forcible entry and detainer, or against a tenant holding over after notice to quit, and the same has been executed and has afterward been reversed on *certiorari* in the Superior Court, is to order the proceeds of the sale on the execution to be paid to the defendant in it in the first case and to restore the removed tenant and defendant in it to the possession of his term in the second case.

The Superior Court has special authority under the statute upon a writ of *certiorari* in cases of tenants holding over after notice to quit, to amend the record of the justice of the peace where the defects are purely formal and apparent on the face of the proceedings before him.

RULE to show cause why a writ of restitution should not be awarded to restore the plaintiff, Edwin C. Shaw, to the possession of his term in a hotel and premises in the town of Har-

rington which he had rented of the defendant, Benjamin T. Fleming, who had three months before the expiration of the preceding rental year of the premises duly notified him to leave them at the end of it, which he refused to do, whereupon he instituted a proceeding under the statute, *Revised Code, chap.* 101, *p.* 626, before a justice of the peace of the county to remove him from the premises and to recover the possession of them in which he obtained judgment against him, and by virtue of an execution and a warrant of possession thereon Shaw was ousted from the premises and the possession of them was delivered to Fleming ; but at this term of the court the judgment recovered before the justice of the peace had been reversed on a writ of *certiorari* in this court and thereupon on the petition and affidavit of Shaw this rule was laid to show cause why a writ of restitution should not be awarded in the case to restore the possession of his term to him.　　The allegations on which it was founded and the testimony in support of them will sufficiently appear in the opinion of the court.

*Wales, J.,* delivered the opinion of the court : This is a rule to show cause why a writ of restitution should not be awarded. The plaintiff's affidavit on which the rule was granted states that he became the tenant of a tavern house in Harrington under a lease executed by the defendant for the term of three years from the 12th day of November, 1870, and that after the expiration of the lease he continued to be tenant and occupant of the property under a parol letting from year to year, until the 10th day of January, 1876, when he was dispossessed by a warrant issued on a judgment which had been obtained against him for holding over after notice to quit; that this judgment has since been reversed on a writ of *certiorari* to the justice by whom it was rendered, and he now asks to be restored to the possession of the said tavern house as tenant on two grounds : First, that his tenancy would have regularly ended on the 12th of November, 1875, and no notice to quit on that day was ever served on him ; secondly, that the notice served on him in the month of September, 1875, to give up possession on the 1st of January following, was revoked by the subsequent agreement of

the landlord to extend the term for another year. This application is founded on *sec.* 18, *chap.* 101, *Rev. Code* 632, which is as follows : "Such judgment shall not be reversed for any formal defect, nor for any error which the court, upon the face of the proceedings, can amend. A *certiorari* shall not be a supersedeas to the issuing or executing a warrant for delivering possession ; and upon the reversal of a judgment the court shall not award a writ of restitution unless they shall consider that, according to the merits of the case, such writ ought to be awarded."

The judgment below was reversed on account of a defect in the record which did not concern the merits of the case, but which this court did not, at the time it was brought up, consider to be amendable. The error was in the form of the verdict on which the judgment was entered by the justice. The statute requires that in the trial of cases for forcible entry and detainer, and of a tenant holding over, the jury "shall return a verdict in writing under their hands," and prescribes the form of the verdict in each case. In the present case the jury adopted the wrong form in returning their verdict, using the one designed for a case of forcible entry and detainer, and we did not think that we had the power to alter the phraseology so as to make the verdict correspond with the true nature of the proceedings and with the correct form. But on further reflection it does not seem clear that it was not in the power of the court as conferred upon them by section 18, to have made the necessary correction by directing the justice to amend the record so that the verdict, *mutatis mutandis,* would be in the proper form, as it was undoubtedly intended to be in substance. The error was only a formal one and more in the nature of a clerical blunder than a legal defect. This rule was issued at the last term and for want of time to hear it was continued to the present term, when it was, perhaps, too late to reconsider the judgment of reversal, and the plaintiff has thus had his case heard *de novo.*

Two facts have been established by the testimony, or admitted, namely, first, that by general custom in that part of Kent County where this tavern is situated the annual renting of property begins and tenants take possession on the 1st day of January, from which date the payment of rent and the length of the

term are reckoned, and, second, that the notice to quit was in due form and was duly served on the plaintiff. It is claimed on the part of the latter that his tenancy commenced by special agreement on the 12th of November, 1870, and would legally expire on that day and month in any subsequent year, on three months' previous notice given by either the landlord or the tenant. There is no proof that the written lease, which has not been produced, was under seal, and in the absence of proof the plaintiff can be considered as having been only a yearly tenant. *Code, chap.* 120, *sec.* 3. Nor does the testimony clearly show precisely when the tenancy commenced or what was the understanding between the parties in that respect.

In practice we know that tenants are sometimes let into possession in the middle of a quarter and that the rent and term are to be computed from the beginning of the current or proximate year. The evidence of any agreement, express or implied, on the part of the defendant, made after the service of the notice, is not satisfactory, and the fact that the landlord recommended the granting of a tavern license to the plaintiff for one year from October, 1875, proves nothing more than his willingness that the plaintiff should have such a license up to the 1st of January, which the landlord claimed to be the end of the term. It was not proved that the recommendation was given after the service of the notice to quit. But it was proved that the plaintiff was insolvent and in arrears for rent, that the prospect of his doing better than he had done was not encouraging, and no plausible reason has been assigned why the landlord wanted him to remain another year. An attempt was made to show that the landlord declined to lease the tavern to other parties, but there was no proof that any responsible person who made direct application for the property was put off. The landlord could not give possession to another tenant until the plaintiff had been removed, and when that had been done the present occupant, Macklin, was immediately put into possession. On the whole, the evidence is not conclusive enough to justify us in awarding the writ.

A suggestion was made by the defendant's counsel that to award the writ now would have the effect of extending the term

of the plaintiff beyond another year, and thus put him into a better position than the one he was in before these proceedings were commenced. We are not called on to consider that point. The object of this writ, where there has been a removal from or a sale of the term and a reversal of the judgment on which execution had been taken, is either to restore a party to the possession of his term in the one case, or to order the payment of the proceeds of the sale to him, in the other. *Doe* v. *Thorn*, 1 *Maule & S.* 425 ; *Bac. Abr. Execution*, (*Q.*) ; *Baude's Case*, *Croke James* 41 ; *Goodyere* v. *Ince*, *Ib.* 246 ; *Croke Eliz.* 278, 504, 597.

Rule discharged.

*Massey*, for plaintiff.

*Ridgeley & Fulton*, for defendant.